# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

MICHAEL WARSHAWSKY and ) 
MICHAEL STEINHAUSER, on behalf of )    Case No. 20-cv-00562
themselves and all others similarly situated, )
                            )
           Plaintiffs, )
                            )
     v. )
                            )
CBDMD, INC. and CBD INDUSTRIES LLC, )
                            )
           Defendants. )

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of April 30, 2021, is made and entered into by and among the following Settling Parties (as defined below): (i) Michael Warshawsky and Michael Steinhauser ("Representative Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel at MORGAN & MORGAN COMPLEX LITIGATION GROUP and CLAYEO C. ARNOLD, P.C. ("Proposed Class Counsel"); and (ii) cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD" or "Defendants"), by and through its counsel of record, Baker & Hostetler LLP. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

Between March 30, 2020 and May 8, 2020, and also between May 14, 2020 and May 18, 2020, cbdMD suffered a cyberattack on its eCommerce platform that accepts payment cards. Through the operation of unauthorized JavaScript code, the unauthorized JavaScript code directed

customer-input HTML elements to a third-party server unaffiliated with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) and the end of May 8, 2020, and again between May 14, 2020 at 21:02:57 UTC through the end of May 18, 2020. Those elements consisted of first and last names, shipping addresses, billing addresses, credit or debit card numbers including expiration dates and card verification values, and/or bank account numbers. Subsequently, Representative Plaintiffs filed a class action lawsuit asserting claims against cbdMD relating to the Security Incident (as defined below) (the "Litigation").

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against cbdMD and the Released Persons (as defined below) relating to the Security Incident, by and on behalf of Representative Plaintiffs and Settlement Class Members (as defined below), and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States against cbdMD relating to the Security Incident.

## II. CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF SETTLING

Representative Plaintiffs believe the claims asserted in the Litigation, as set forth in the Complaint, have merit. Representative Plaintiffs and Proposed Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against cbdMD through motion practice, trial, and potential appeals. They have also taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Proposed Class Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the settlement

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 002

set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Settlement Class.

## III. DENIAL OF WRONGDOING AND LIABILITY

cbdMD denies each and all of the claims and contentions alleged against it in the Litigation. cbdMD denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, cbdMD has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. cbdMD also has taken into account the uncertainty and risks inherent in any litigation. cbdMD has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV. TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, Proposed Class Counsel, and cbdMD that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who timely opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1. Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1 "Agreement" or "Settlement Agreement" means this agreement.

1.2    "Approved Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution process.

1.3    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.4    "Claims Administrator" means a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation, to be jointly agreed upon by the Settling Parties and approved by the Court.

1.5    "Claims Deadline" means the postmark deadline for valid claims pursuant to ¶ 2.3.

1.6    "Claim Form" means the form that the Settlement Class Member must complete and submit on or before the Claim Deadline in order to be eligible for the benefits described herein. The Claim Form shall be reformatted by the Settlement Administrator in order to permit the option of filing of claims electronically. The Claim Form shall require a sworn signature or electronic verification under penalty of perjury, but shall not require a notarization. The Claim Form template is attached as Exhibit A to this Settlement Agreement.

1.7    "Claims Referee" means a third party designated by agreement of the Settling Parties and approved by the Court to make final decisions about disputed claims for settlement benefits.

1.8    "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.9    "Court" means the United States District Court for the Western District of North Carolina, Charlotte Division.

1.10   "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

4

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 004

1.11    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.12 and ¶ 9.1 herein have occurred and been met.

1.12    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.13    "Judgment" means a judgment rendered by the Court, in the form attached hereto as Exhibit G, or a judgment substantially similar to such form.

1.14    "Notice" means the written notice to be sent to the Settlement Class Members pursuant to the Preliminary Approval Order.

1.15    "Objection Date" means the date by which objections to the settlement from Settlement Class Members must be filed with the Clerk of Court in order to be effective and timely.

1.16    "Opt-Out Date" means the date by which requests for exclusion from settlement must be postmarked in order to be effective and timely.

1.17    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and

5

any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.18 "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as Exhibit F.

1.19 "Plaintiffs' Counsel" and "Proposed Class Counsel" means Jean Martin of MORGAN & MORGAN COMPLEX LITIGATION GROUP, and M. Anderson Berry of CLAYEO C. ARNOLD, P.C.

1.20 "Related Entities" means cbdMD's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of cbdMD's and their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads nolo contendere to any such charge.

1.21 "Released Claims" shall collectively mean any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning or arising out of the Security Incident and alleged theft or misuse of payment card data or other personal information or the allegations, facts, or circumstances related to the Security Incident as described in the Litigation including, without limitation, any violations of the California, North Carolina, Florida, and similar state consumer protection statutes; any violation of the California Customer Records Act, California Unfair Competition Law, California Consumers Legal Remedies Act; Florida Deceptive and Unfair Trade Practices Act; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of

6

privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft or misuse of payment card data or other personal information or the allegations, facts, or circumstances related to the Security Incident as described in the Litigation. Released Claims shall include Unknown Claims as defined in ¶ 1.29. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

      1.22    "Released Persons" means cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD"), its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

      1.23    "Representative Plaintiffs" means Michael Warshawsky and Michael Steinhauser.

      1.24    "Security Incident" means the cyberattack against cbdMD's eCommerce platform which involved implementation of unauthorized JavaScript code directing customer-input HTML elements to a third-party server unaffiliated with cbdMD between March 30, 2020 at 00:03:12

UTC (Coordinated Universal Time) and the end of May 8, 2020, and again between May 14, 2020 at 21:02:57 UTC through the end of May 18, 2020. Those elements consisted of first and last names, shipping addresses, billing addresses, credit or debit card numbers including expiration dates and card verification values, and/or bank account numbers.

1.25    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.26    "Settlement Class" means all persons residing in the United States who made a purchase online with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) and the end of May 8, 2020, or between May 14, 2020 at 21:02:57 UTC through the end of May 18, 2020. The Settlement Class specifically excludes: (i) cbdMD and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at cbdMD during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

1.27    "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.28    "Settling Parties" means, collectively, cbdMD and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.29    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiffs, does not know or suspect to exist in his/her favor

8

as of the date of the entry of the Preliminary Approval Order that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 009

1.30 "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

## 2. Settlement Benefits

2.1 <u>Expense Reimbursement Capped at $210</u>. All Settlement Class Members who submit a valid claim using the Claim Form (Exhibit A to this Settlement Agreement) are eligible to receive reimbursement for documented out-of-pocket losses, if plausibly caused by the Security Incident, not to exceed $210 per Settlement Class Member, that were incurred as a result of the Security Incident, including: (i) card replacement fees; (ii) late fees; (iii) overlimit fees; (iv) interest; (v) other bank or credit card fees; (vi) postage, mileage, and other incidental expenses resulting from lack of access to a payment card or account resulting from the Security Incident; (vii) up to three (3) hours of documented lost time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/clean-up of the Security Incident (calculated at the rate of $20 per hour for up to 3 hours), but only if at least one full hour was spent, and only if the time can be documented on the Claim Form with a narrative description of the activities performed during the time claimed and their connection to the Security Incident; (viii) an additional payment of $20 for each payment card on which a Class Member incurred one or more actual, documented fraudulent charge(s) to compensate the claimant for lost time associated with seeking reimbursement for the fraud; and (ix) up to $80 in costs associated with credit monitoring or identity theft insurance, if purchased primarily as a result of the Security Incident and if purchased between March 30, 2020 and the Claims Deadline (with reasonable documentation and an affirmative statement by Settlement Class Member that it was purchased primarily because of the Security Incident, and with proof of purchase).

EXHIBIT se 3:20-cv-00562-RJC-DSC    Document 11-2    Filed 04/30/21    Page 11 of 85
SETTLEMENT AGREEMENT
PAGE 010

2.2     Other Extraordinary Expense Reimbursement. cbdMD shall reimburse, as provided for below, each Settlement Class Member in the amount of his or her proven loss, but not to exceed $2,500 per claim, for monetary out-of-pocket losses that occurred more likely than not as a result of the Security Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was more likely than not caused by the Security Incident; (c) occurred during the time period from March 30, 2020, through and including the end of the Claims Deadline (see ¶ 2.3); (d) is not an amount already covered by one or more of the categories in ¶ 2.1; and (e) the claimant made reasonable efforts to avoid, or seek reimbursement for the loss. Settlement Class Members may only submit one claim for benefits under this paragraph ¶ 2.2 regardless of the number of payment cards the Settlement Class Member had compromised as a result of the Security Incident and the total of all amounts recovered under this paragraph shall not exceed $2,500.00 per Settlement Class Member. Settlement Class Members with claims under this paragraph may also submit claims for benefits under ¶ 2.1.

2.3     The total reimbursement provided under ¶ 2.1 and ¶ 2.2 is subject to an aggregate cap of $300,000 for all claims of any kind. Additionally, Settlement Class Members seeking reimbursement under ¶¶ 2.1 or 2.2 must complete and submit a written Claim Form to the Claims Administrator, postmarked on or before the 120th day after the deadline for the completion of Notice to Settlement Class Members as set forth in ¶ 3.2 (the "Claims Deadline"). The Notice to the class will specify this deadline and other relevant dates described herein.

2.3.1   As proof of class membership, any Settlement Class Member filing a claim must certify that he or she is a Settlement Class Member, and also submit one of the following (1) a unique code to be provided by the Settlement Administrator based on the approved list of class members to be sent direct Notice; (2) a document or documents

reflecting his or her use of a payment card at cbdMD during the Security Incident, which could include (but is not limited to): a receipt from cbdMD reflecting payment by a payment card during the Security Incident, a payment card statement or bill reflecting that the payment card was used in connection with an online purchase with cbdMD during the Security Incident, notification from a bank or financial institution stating that the payment card was compromised during the Security Incident, or other reasonable documentation that the Settlement Class Member used a payment card in connection with an online purchase with cbdMD during the Security Incident; or (3) the number associated with the credit or debit card claimed to have been used by the Settlement Class Member during the Security Incident, which the Claims Administrator (or a designee) will use to confirm class membership based on whether that card number matches a credit or debit card number used at cbdMD during the Security Incident.

2.3.2    The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury. Notarization shall not be required. The Settlement Class Member must reasonably attest that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Security Incident. Failure to provide supporting attestation and documentation as requested on the Claim Form shall result in denial of a claim. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.5.

2.3.3    Claimants seeking reimbursement for expenses or losses described in ¶¶ 2.1 or 2.2 must complete and submit the appropriate section of the Claim Form to the Claims Administrator, together with proof of such losses.

EXHIBIT E
SETTLEMENT AGREEMENT
PAGE 012

2.3.4   Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source.

2.3.5   To be valid, claims must be complete and submitted to the Claims Administrator on or before the Claims Deadline.

2.3.6   No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.4   Equitable Relief.

cbdMD agrees to implement, continue or maintain, the following data security measures for a period of at least one year after the settlement receives approval by the Court:

2.4.1   Complete PCI Attestation of Compliance (AOC) in conjunction with a PCI-certified Qualified Security Assessor (QSA).

2.4.2   Implement and maintain multifactor authentication for VPN access to the e-Commerce system.

2.4.3   Implement and maintain 60-day password life limits for both e-Commerce systems and email accounts.

2.4.4   Implement and adhere to a policy requiring that any changes to the e-Commerce system require digital concurrence of two lead system developers facilitated by an automated process that cannot be overridden.

2.4.5   Employ a third-party expert to conduct a risk assessment of cbdMD's data assets and environment consistent with the NIST Risk Management Framework, and to conduct phishing and penetration testing of the cbdMD enterprise environment and

13

enterprise user base.

     2.4.6    Implement and maintain additional intrusion detection and prevention, malware and anti-virus, and monitoring applications within the cbdMD environment.

     2.4.7    Designation of a cyber-security specialist to oversee IT security for the company, including the e-Commerce system.

     2.4.8    Implement and follow a revised, nationwide and company-wide written information security program to replace the Massachusetts-based WISP that became effective on 11/11/2019.

2.5    <u>Dispute Resolution for Claims</u>.

     2.5.1    The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the claimant's class membership and the expenses described in ¶¶ 2.1 through 2.3; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Security Incident (collectively, "Facially Valid"). The Claims Administrator may, at any time, request from the claimant, in writing, additional information ("Claim Supplementation") as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

14

EXHIBIT B
SETTLEMENT AGREEMENT
PAGE 014

2.5.2   Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant thirty (30) days to cure the defect before rejecting the claim.  Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later.  In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than one year from the Effective Date.  If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.5.3   Following receipt of additional information requested as Claim Supplementation, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is Facially Valid, then the claim shall be paid.  If the claim is not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Claims Administrator may reject the claim without any further action. If the claim is rejected for other reasons, then the claim shall be referred to the Claims Referee upon request of the Settlement Class Member.

2.5.4 Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination. If the claimant approves the final determination, then the approved amount shall be the amount to be paid. If the claimant rejects the final determination within thirty (30) days, then the dispute will be submitted to the Claims Referee within an additional ten (10) days.

2.5.5 If any dispute is submitted to the Claims Referee, the Claims Referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days. The Claims Referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days. The Claims Referee's determination shall be based on whether the Claims Referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Security Incident. The Claims Referee shall have the power to approve a claim in full or in part. The Claims Referee's decision will be final and non-appealable. Any claimant referred to the Claims Referee shall reasonably cooperate with the Claims Referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the Claims Referee to verify the claim through third party sources, and failure to cooperate shall be grounds for denial of the claim in full. The Claims Referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested. The Settlement Administrator shall provide notice of all communications pursuant to this Paragraph to all Counsel.

2.6     Settlement Expenses. All costs for notice to the Settlement Class as required under

¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute

Resolution described in ¶ 2.5, shall be paid by cbdMD.

2.7     Settlement Class Certification. The Settling Parties agree, for purposes of this

settlement only, to the certification of the Settlement Class. If the settlement set forth in this

Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated

or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and

the certification of the Settlement Class provided for herein, will be vacated and the Litigation

shall proceed as though the Settlement Class had never been certified, without prejudice to any

Person's or Settling Party's position on the issue of class certification or any other issue. The

Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to

any position asserted by the Settling Parties in any other proceeding, case or action, as to which

all of their rights are specifically preserved.

2.8     Confidentiality of Information Submitted by Settlement Class Members.

Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall

be deemed confidential and protected as such by cbdMD, the Claims Administrator, and the

Claims Referee.

## 3.     Order of Preliminary Approval and Publishing of Notice of Fairness Hearing

3.1.    As soon as practicable after the execution of the Settlement Agreement, Proposed

Class Counsel and counsel for cbdMD shall jointly submit this Settlement Agreement to the Court

and file a motion for preliminary approval of the settlement with the Court requesting entry of a

Preliminary Approval Order in the form attached hereto as Exhibit F, or an order substantially

similar to such form in both terms and cost, requesting, *inter alia:*

17

a) certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.7;

b) preliminary approval of the Settlement Agreement as set forth herein;

c) the scheduling of a Final Fairness Hearing and briefing schedule for Motion For Final Hearing and Application for Class Representative Service Awards and Attorneys' Fees and Costs;

d) appointment of Proposed Class Counsel as Class Counsel;

e) appointment of Representative Plaintiffs as Class Representatives;

f) approval of a customary form of short notice to be mailed to Settlement Class Members ("Short-Form Notice") in a form substantially similar to the one attached hereto as Exhibit B (postcard) and Exhibit C (by email only if postcards are undeliverable), and a customary long form notice ("Long-Form Notice") in a form substantially similar to the one attached hereto as Exhibit D which together shall include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g) appointment of a Claims Administrator, or such other provider of claims administrative service, as may be jointly agreed to by the Settling Parties;

h) approval of a claim form substantially similar to that attached hereto as Exhibit A; and

i) appointment of a Person proposed by the Settling Parties to serve as Claims Referee.

The Notice and Claim Form shall be reviewed by the Claims Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

3.2    cbdMD shall pay for all of the costs associated with the Claims Administrator, and for providing Notice to the Settlement Class in accordance with the Preliminary Approval Order, as well as the costs of such notice. Attorneys' fees, costs, and expenses of Proposed Class Counsel, and service awards to Class Representatives, shall be paid by cbdMD as set forth in ¶ 7 below, subject to Court approval. Notice shall be provided to class members in accordance with

18

the Notice plan set forth in Exhibit E. The Notice plan shall be subject to approval by the Court as meeting constitutional due process requirements. The Claims Administrator shall establish a dedicated settlement website and shall maintain and update the website throughout the claim period, with the Notice and Claim Form approved by the Court, as well as this Settlement Agreement. A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries. The Claims Administrator also will provide copies of the forms of the Notice and Claim Form approved by the Court, as well as this Settlement Agreement, upon request. Prior to the Final Fairness Hearing, Proposed Class Counsel and cbdMD shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of Notice. The Notice and Claim Form approved by the Court may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval. The Notice Program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be completed within forty-five (45) days after entry of the Preliminary Approval Order.

3.3 Proposed Class Counsel and cbdMD's counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

3.4 cbdMD will also cause the Claims Administrator to provide (at cbdMD's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**4.    Opt-Out Procedures**

19

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. Settlement Class members will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than one hundred twenty (120) days after the date on which the Notice Program commences pursuant to ¶ 3.2.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more Opt-Outs (exclusions) than listed in a separate letter agreement (to be shared with the Court under seal, if requested) , cbdMD may, by notifying Proposed Class Counsel in writing, void this Settlement Agreement. If cbdMD voids the Settlement Agreement pursuant to this paragraph, cbdMD shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Proposed Class Counsel and incentive awards and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

5.     **Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall

state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., the number associated with the payment card claimed to have been used by the Settlement Class Member during the Security Incident, or a cbdMD receipt or credit card statement); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than one hundred twenty (120) days from the date on which the Notice Program commences pursuant to ¶ 3.2, and served concurrently therewith upon Proposed Class Counsel and counsel for cbdMD via the Court's electronic filing system.

5.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 021

Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.      Releases**

6.1      Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim is asserted.

6.2      Upon the Effective Date, cbdMD shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Class Counsel and Plaintiffs' Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement.  Any other claims or defenses cbdMD may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

22

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 022

6.3     Notwithstanding any term herein, neither cbdMD, nor its Related Parties, shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Class Counsel and Plaintiffs' Counsel.

## 7.     Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Representative Plaintiffs

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service award to Representative Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that cbdMD would pay reasonable attorneys' fees, costs, expenses, and an service award to Representative Plaintiffs as may be agreed to by cbdMD and Proposed Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court. cbdMD and Proposed Class Counsel have agreed to the following:

7.2     Proposed Class Counsel has agreed to request, and cbdMD has agreed to pay, subject to Court approval, the amount of $135,000 to Proposed Class Counsel for attorneys' fees and costs and expenses. Proposed Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

7.3     Subject to Court approval, cbdMD has agreed to pay a service award in the amount of $2,500 to each of the Representative Plaintiffs.

7.4     cbdMD shall pay the Court-approved amount of attorneys' fees, costs, expenses, and service awards to Representative Plaintiffs to an account established by Proposed Class Counsel within thirty (30) days after the entry of an order of Final Approval, regardless of any appeal that may be filed or taken by any Class Member or third party. Class Counsel will repay

to cbdMD the amount of the award of attorneys' fees and costs in the event that the final approval order and final judgment are not upheld on appeal and, if only a portion of fees or costs (or both) is upheld, Class Counsel will repay to cbdMD the amount necessary to ensure the amount of attorneys' fees or costs (or both) comply with any court order.

7.5     Proposed Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and service award to Representative Plaintiffs consistent with ¶¶ 7.2 and 7.3. If this Settlement Agreement is terminated or otherwise does not become Final (e.g., disapproval by the Court or any appellate court), cbdMD shall have no obligation to pay attorneys' fees, costs, expenses, or service awards and shall only be required to pay costs and expenses related to notice and administration that were already incurred. Under no circumstances will Proposed Class Counsel or any Class Member be liable for any costs or expenses related to notice or administration.

7.6     The amount(s) of any award of attorneys' fees, costs, and expenses, and the service award to Representative Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service award ordered by the Court to Proposed Class Counsel or Representative Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.     Administration of Claims

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2. Proposed Class Counsel and cbdMD shall be given reports as to both claims and distribution, and have the right to review and obtain supporting

24

documentation and challenge any such claim if they believe it to be inaccurate or inadequate. The Claims Administrator's and Claims Referee's, as applicable, determination of the validity or invalidity of any such claims shall be binding, subject to the dispute resolution process set forth in ¶ 2.5. All claims agreed to be paid in full by cbdMD shall be deemed valid.

8.2 Checks for approved claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later. No approved claims shall be paid until after the Effective Date. If this Settlement Agreement is terminated or otherwise does not become Final (e.g., disapproval by the Court or any appellate court) prior to the payment of approved claims, cbdMD shall have no obligation to pay such claims and shall only be required to pay costs and expenses related to notice and administration that were already incurred.

8.3 All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4 No Person shall have any claim against the Claims Administrator, Claims Referee, cbdMD, Proposed Class Counsel, Plaintiffs, Plaintiffs' Counsel, and/or cbdMD's counsel based on distributions of benefits to Settlement Class Members.

## 9. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

9.1 The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

    a) the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b) cbdMD has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3;

c) the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

d) the Judgment has become Final, as defined in ¶ 1.12.

9.2    If all of the conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Proposed Class Counsel and cbdMD's counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3    Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Class Counsel and to cbdMD's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4    In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, cbdMD shall be obligated to pay amounts already

26

billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

### 10.    Miscellaneous Provisions

10.1    The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that neither Party shall have any liability to one another as it relates to the Litigation, except as set forth herein.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence

of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5    The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This agreement supersedes all previous agreements made by the parties.

10.6    Proposed Class Counsel, on behalf of the Settlement Class, is expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 028

10.8    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

10.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of North Carolina, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of North Carolina.

10.12    The obligations of cbdMD under the Settlement Agreement shall continue and not be affected by any change to cbdMD's corporate name and/or corporate structure.

10.13    As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it.''

10.14    All dollar amounts are in United States dollars (USD).

10.15    Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits.  All settlement checks shall be void sixty (60) days after issuance and shall bear the language: "This check must be cashed within 60 days, after which time it is void."  If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance.  If no request for re-issuance is made within this

29

EXHIBIT 8
SETTLEMENT AGREEMENT
PAGE 029

period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and cbdMD shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or ¶ 2.2 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.16   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

**AGREED TO BY:**

Paul G. Karlsgodt
Michelle R. Gomez
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO  80202
Tel: (303) 861.0600
Fax: (303) 861.7805
Email: pkarlsgodt@bakerlaw.com
      mgomez@bakerlaw.com

AND

Mark R. Kutny
HAMILTON STEPHENS STEELE + MARTIN, PLLC
525 N. Tryon Street, Suite 1400
Charlotte, NC  28202
Tel: (704) 227-1051
Fax: (704) 344-1483

Jean Martin
John A. Yanchunis
Ryan J. McGee
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Email: jyanchunis@ForThePeople.com
jeanmartin@ForThePeople.com
rmcgee@ForThePeople.com

AND

M. Anderson Berry
Leslie Guillon
CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORP.
865 Howe Avenue

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 030

Email: MKutny@lawhssm.com

**Counsel for Defendants cbdMD, Inc. and
CBD Industries LLC**

Sacramento, CA 95825
Tel: (916) 777-7777
Email: aberry@justice4you.com
lguillon@justice4you.com

**Counsel for Plaintiffs Michael Warshawsky
and Michael Steinhauser**

# EXHIBIT A
# CLAIM FORM

# cbdMD SETTLEMENT CLAIM FORM

This Claim Form should be filled out online or submitted by mail if you used a payment card to make an online purchase with cbdMD during the time period between March 30, 2020 and May 8, 2020, or between May 14, 2020 through May 18, 2020, and you had out-of-pocket expenses, fraudulent charges, lost time spent dealing with fraudulent charges or card replacement issues, or unreimbursed extraordinary monetary losses as a result of the cbdMD Security Incident. You may get a check if you fill out this Claim Form, if the Settlement is approved, and if you are found to be eligible for a payment.

The Settlement Notice describes your legal rights and options. To obtain the Settlement Notice and find more information regarding your legal rights and options, please visit the official Settlement website, [INSERT WEBSITE], or call toll-free [INSERT PHONE #].

If you wish to submit a claim for a settlement payment electronically, you may go online to the Settlement Website, [INSERT], and follow the instructions on the "Submit a Claim" page.

If you wish to submit a claim for a settlement payment via standard mail, you need to provide the information requested below and mail this Claim Form to [INSERT], postmarked by _____, **2021**. Please print clearly in blue or black ink.

## 1. CLASS MEMBER INFORMATION

*Required Information:*

First: _____ M: _____ Last: _____

Address 1: _____

Address 2: _____

City: _____ State: _____ ZIP: _____

Country: _____

Phone: _____

*Optional Information:*

Email: _____

## 2. PAYMENT ELIGIBILITY INFORMATION

To prepare for this section of the Claim Form, please review the Settlement Notice and Sections 2.1 through 2.3 of the Settlement Agreement (available for download at [INSERT]) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 033

To help us determine if you are entitled to a settlement payment, please provide as much information as possible.

A. Verification of Class Membership

You are only eligible to file a claim if you used a credit or debit card in connection with an online purchase with cbdMD during the time of the cbdMD Security Incident. **Specifically, your online purchase must have been made between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) (March 29, 2020 at 8:03 pm ET) and the end of May 8, 2020, or between May 14, 2020 at 21:02:57 UTC (6:02:57 pm ET) through the end of May 18, 2020.**

By submitting a claim and signing the certification below, you are verifying that you used a credit or debit card in connection with an online purchase with cbdMD during the time of the cbdMD Security Incident.

In addition, to allow the Settlement Administrator to confirm your membership in the Class, you must provide either:

(1) The unique identifier provided in the Notice you received by postcard or email;

or

(2) the first four and last four digits of the number associated with the credit or debit card you claim to have used in connection with your online cbdMD purchase,

or

(3) a document or documents reflecting your use of a payment card in connection with your online cbdMD purchase during the Security Incident, which could include, for example, a receipt from cbdMD reflecting payment by a payment card, a payment card statement or bill, or notification from a bank or financial institution stating that the payment card was compromised during the Security Incident with the dates and times noted above.

Thus, please **EITHER**:

    (1)    Provide the unique identifier provided in the Notice you received: _____.

<strong>OR</strong>

    (2)    In the boxes provided below, please provide the first four and last four digits of the card number for each credit or debit card that you used in connection with your online cbdMD purchase during the dates and times of the Security Incident. For each credit or debit card number, provide the date(s) of the transaction(s).

**<u>FIRST FOUR DIGITS</u>**
**<u>LAST FOUR DIGITS</u>** [SETTLEMENT ADMINISTRATOR TO ADD BOXES]

cbdMD Settlement Claim Form<br>Questions?  Call [INSERT PHONE #] or visit [INSERT WEBSITE]<br>2

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 034

**OR**

(3)     Attach and identify the documentation that reflects your use of a payment card in connection with your online cbdMD purchase during the Security Incident. Please note that the documentation must reflect the use of a payment card and the date of the transaction.

**UPLOAD DOCUMENT** [SETTLEMENT ADMINISTRATOR TO ADD]

B. Out-Of-Pocket Expenses

Check the box for each category of out-of-pocket expenses, fraudulent charges, or lost time that you incurred as a result of the cbdMD Security Incident. Please be sure to fill in the total amount you are claiming for each category and attach the required documentation as described in **bold type** (if you are asked to provide account statements as part of required proof for any part of your claim, you may redact unrelated transactions and all but the first four and last four digits of any account number, if you wish). Please round total amounts to the nearest dollar.

I. Ordinary Expenses Resulting from the cbdMD Security Incident

☐ Fees or other charges from your bank or credit card company due to fraudulent activity on your card incurred between March 30, 2020 and the Claims Deadline due to the cbdMD Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

Examples: Overdraft fees, over-the-limit fees, late fees, or charges due to insufficient funds or interest.

**[UPLOAD DOCUMENTS] Required: A copy of a bank of credit card statement or other proof of claimed fees or charges (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

☐ Fees or other charges relating to the reissuance of your credit or debit card incurred between March 30, 2020 and the Claims Deadline due to the cbdMD Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

Examples: Fees that your bank charged you because you requested a new credit or debit card.

**[UPLOAD DOCUMENTS]Required: Attach a copy of a bank or credit card statement or other receipt showing these fees (you may redact unrelated transactions and all but the first**

cbdMD Settlement Claim Form
Questions? Call [INSERT PHONE #] or visit [INSERT WEBSITE]
3

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 035

**four and last four digits of any account number).**

☐ Fees relating to your account being frozen or unavailable incurred between March 30, 2020 and the Claims Deadline due to the cbdMD Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

Examples: You were charged interest by a payday lender due to card cancellation or due to over-limit situation.  You had to pay a fee for a money order or other form of alternative payment because you could not use your debit or credit card.

**[UPLOAD DOCUMENTS]Required: Attach a copy of receipts, bank statements, credit card statements, or other proof that you had to pay these fees (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

☐ Other incidental expenses, including telephone, internet, or postage expenses, directly related to the cbdMD Security Incident incurred between March 30, 2020 and the Claims Deadline due to the cbdMD Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

Examples: Other out of pocket expenses, long distance phone charges, cell phone charges (only if charged by the minute), or data charges (only if charged based on the amount of data used).

**[UPLOAD DOCUMENTS]Required: Attach a copy of the bill from your telephone company, mobile phone company, or internet service provider or other documentation that shows the expenses (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

☐ Credit Reports or credit monitoring charges purchased between March 30, 2020 and the Claims Deadline due to the cbdMD Security Incident. This category is limited to a maximum of $80 in costs associated with credit monitoring or identity theft insurance, if purchased primarily as a result of the Security Incident and if purchased between March 30, 2020 and the Claims Deadline.

To obtain reimbursement under this category, you must attest to the following:

☐ I purchased credit reports between March 30, 2020 and the Claims Deadline, primarily due to the Security Incident and not for other purposes.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 036

| DATE | COST |
|---|---|
|  |  |
|  |  |

Examples: The cost of a credit report(s) that you purchased after hearing about the Security Incident.

**[UPLOAD DOCUMENT]Required: Attach a copy of a receipt or other proof of purchase for each product purchased (you may redact unrelated transactions).**

☐ Between one (1) and three (3) hours of documented time spent dealing with replacement card issues or in reversing fraudulent charges between March 30, 2020 and the Claims Deadline that occurred as a result of the cbdMD Security Incident (round to the nearest hour and check only one box).

☐ 1 Hour          ☐ 2 Hours          ☐ 3 Hours

Examples: You spent at least one (1) full hour calling customer service lines, writing letters or emails, or on the internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed. Please note that the time that it takes to fill out this Claim Form is not reimbursable and should not be included in the total number of hours claimed.

**Required: If time was spent on the telephone or online, in the space below, describe what you did, or attach a copy of any letters or emails that you wrote. Examples: If the time was spent trying to reverse fraudulent charges, describe what you did. If the time was spent updating accounts due to your card being reissued, identify the other accounts that had to be updated.**

_____
_____
_____
_____

## II. Reimbursed Fraudulent Charges

☐ Did you also have fraudulent charges to a credit or debit card account that were reversed or repaid as a result of the Security Incident? If so, in addition to your out-of-pocket expenses, you are eligible to claim a $20 cash payment for each debit or credit card on which fraudulent charges were made and reversed or repaid, to compensate for lost time associated with seeking reimbursement for the fraud. (*See* Section 2.1 of the Settlement Agreement.)

| FIRST FOUR AND LAST FOUR DIGITS OF CARD | DATE CHARGES REVERSED (ONLY 1 PER CARD REQUIRED) |
|---|---|
|  |  |
|  |  |

cbdMD Settlement Claim Form
Questions? Call [INSERT PHONE #] or visit [INSERT WEBSITE]

**[UPLOAD DOCUMENTS]Required: For each card, provide a card statement or other documentation showing (1) one or more fraudulent charges were posted to your account that you believe were caused by the cbdMD Security Incident, and (2) the charges were later reversed or reimbursed by the bank or credit card company (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

III. Extraordinary Expenses

If you have expenses related to the Security Incident that are more than the value or different than the type of ordinary expenses covered in the categories in Sections I and II above, you may be entitled to compensation for your extraordinary expenses. To obtain reimbursement under this category, you must attest to the following:

☐ I incurred out-of-pocket unreimbursed expenses that occurred more likely than not as a result of the cbdMD Security Incident during the time period from March 30, 2020 through the end of the Claims Deadline other than those expenses covered by one or more of the categories above, and I made reasonable efforts to avoid, or seek reimbursement for the losses.

☐ Unreimbursed fraudulent charges incurred between March 30, 2020 and the Claims Deadline due to the cbdMD Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

Examples: Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company. *Note: most banks are required to reimburse customer in full for fraudulent charges on payment cards that they issue.*

**[UPLOAD DOCUMENTS]Required: The bank statement or other documentation reflecting the fraudulent charges, as well as documentation reflecting the fact that the charge was fraudulent (you may redact unrelated transactions and all but the first four and last four digits of any account number). If you do not have anything in writing reflecting the fact that the charge was fraudulent (e.g., communications with your bank or a police report), please identify the approximate date that you reported the fraudulent charge, to whom you reported it, and the response.**

Date reported:

_____

Description of the person(s) to whom you reported the fraud:

_____

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 038

_____

☐ Other unreimbursed out-of-pocket expenses that were incurred between March 30, 2020 and the Claims Deadline as a result of the cbdMD Security Incident that are not accounted for in your response above.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

Examples: This category includes any other unreimbursed expenses or charges that are not otherwise accounted for in your answers to the questions above, including any expenses or charges that you believe were the result of an act of identity theft.

**[UPLOAD DOCUMENTS]Required: Describe the expense, why you believe that it is related to the cbdMD Security Incident, and provide as much detail as possible about the date you incurred the expense(s) and the company or person to whom you had to pay it. Please provide copies of any receipts, police reports, or other documentation supporting your claim. For claims of reimbursement for lost time, you must provide actual documentation reflecting the amount of time you spent dealing with replacement card issues or in reversing fraudulent charges sufficient to prove how much time was spent, on what, and that the time was spent on issues related to the cbdMD Security Incident. The Settlement Administrator may contact you for additional information before processing your claim.**

_____
_____
_____
_____

C. Certification

I declare under penalty of perjury under the laws of the United States and the State of _____ that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator or Claims Referee before my claim will be considered complete and valid.

Print Name: _____

Signature: _____

Date: _____

cbdMD Settlement Claim Form
Questions? Call [INSERT PHONE #] or visit [INSERT WEBSITE]

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 039

D. Submission Instructions

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by _____, 20____.

*Warshawsky, et al. v. cbdMD et al.*
[INSERT CLAIMS ADMINISTRATOR
MAILING INFORMATION]

cbdMD Settlement Claim Form
Questions? Call [INSERT PHONE #] or visit [INSERT WEBSITE]

# EXHIBIT B
# SHORT FORM
# POST CARD NOTICE

**If you made a purchase with cbdMD between March 30, 2020 and May 18, 2020 using a credit, debit, or other payment card, you may be eligible for a payment from a class action settlement.**

A Settlement has been reached with cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD") in a class action lawsuit about a data Security Incident that occurred between March 30, 2020 and May 8, 2020, and also between May 14, 2020 through May 18, 2020 which potentially exposed payment card data of customers. The lawsuit alleges that cbdMD was responsible for the Security Incident because cbdMD did not take appropriate care to protect its eCommerce platform from hacking. cbdMD denies the claims and denies any wrongdoing.

**cbdMD records show you are a likely member of the Settlement Class.** The Settlement will reimburse people who submit claims for: (1) Out-of-pocket expenses and compensation for documented lost time that resulted from the Security Incident up to $210; and (2) Extraordinary expenses up to $2,500 that were likely caused by the Security Incident. Total reimbursement under this Settlement is subject to an aggregate cap of $300,000 for all claims.

**If you are a Settlement Class Member and you want to receive an Award, you must complete and submit a Claim Form along with any required supporting information. Claim Forms can be found and completed on this website: www.xxx.com. The deadline to submit a Claim Form is _____.**

As part of the Settlement, cbdMD has also committed to establish and maintain data security enhancements related to its eCommerce platform and customer data.

Settlement Class Members may also request exclusion from the Settlement or object to it. Requests for exclusion are due by _____. Settlement Class Members who do not request exclusion can object to the Settlement. Objections are due by _____. The Court will hold a Final Settlement Approval Hearing on **Month 00, 2021 at 00:00 a.m.** at the United States District Court for the Western District of North Carolina (Charlotte Division) located at Charles R. Jonas Federal Bldg., 401 West Trade Street, Charlotte, NC 28202, to consider whether to approve the settlement. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for attorneys' fees, costs, and expenses of $135,000 and service awards of $2,500 for each of the Representative Plaintiffs. You or your own lawyer may ask to appear at the hearing to be heard by the Court, but you do not have to. The Motion for attorneys' fees and costs and service awards for the Representative Plaintiffs will be posted on the website after it is filed with the Court.

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit: M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corporation, 865 Howe Avenue, Sacramento, CA 95825, 916-777-7777; and Jean S. Martin of Morgan & Morgan Complex Litigation Group, 201 N. Franklin St., 7th Fl., Tampa, FL 33602, 813-559-4908.

***This is only a summary***. For detailed information visit **www.SettlementURL.com** or call **1-000-000-0000**. You may contact the Settlement Administrator at cbdMD Settlement, c/o Settlement Administrator, PO Box 0000, City, State, Zip.

**www.SettlementURL.com**    **1-000-000-0000**

# EXHIBIT C
# SHORT FORM
# EMAIL NOTICE

**If you made a purchase with cbdMD between March 30, 2020 and May 18, 2020 using a credit, debit, or other payment card, you may be eligible for a payment from a class action settlement.**

A Settlement has been reached with cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD") in a class action lawsuit about a data Security Incident that occurred between March 30, 2020 and May 8, 2020, and also between May 14, 2020 through the end of May 18, 2020 which potentially exposed payment card data of customers. The lawsuit alleges that cbdMD was responsible for the Security Incident because cbdMD did not take appropriate care to protect its eCommerce platform from hacking. cbdMD denies the claims and denies any wrongdoing.

### Who Is Included?

cbdMD records show you are a likely member of the Settlement Class. The Settlement includes all persons residing in the United States who used a credit, debit, or other payment card to make an online purchase with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) (March 29, 2020 at 8:03 pm ET) and the end of May 8, 2020, and between May 14, 2020 at 21:02:57 UTC (6:02:57 pm ET) through the end of May 18, 2020.

### What Can I Get?

The Settlement will reimburse people who submit claims for:

(1) Out-of-pocket expenses and documented lost time that resulted from the Security Incident up to $210; and

(2) Extraordinary expenses up to $2,500 that were likely caused by the Security Incident.

Total reimbursement under this Settlement is subject to an aggregate cap of $300,000 for all claims.

**If you are a Settlement Class Member and you want to receive an Award, you must complete and submit a Claim Form along with any required supporting information. Claim Forms can be found and completed on this website: www.xxx.com. The deadline to submit a Claim Form is _____.**

As part of the Settlement, cbdMD has also committed to establish and maintain security enhancements.

### What are my rights?

**Do Nothing.** You will be legally bound by decisions of the Court and you give up the right to sue cbdMD for the claims in this case.

**Exclude Yourself.** If you exclude yourself, you are not be legally bound by the Settlement and you keep your right to sue. However, you will not get any money. You must submit your exclusion by Month 00, 2021.

**Object.** You can stay in the Settlement and tell the Court why you do not like the Settlement. Objections must be submitted by **Month 00, 2021**. Detailed instructions on how to exclude yourself or object to the Settlement are found in the long notice on the website or by calling **000-000-0000**.

### When Will the Court Approve the Settlement?

The Court will hold a Final Settlement Approval Hearing on **Month 00, 2021 at 00:00 a.m.** at the United States District Court for the Western District of North Carolina (Charlotte Division) located at Charles R. Jonas Federal Bldg., 401 West Trade Street, Charlotte, NC 28202, to consider whether to approve the settlement. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for attorneys' fees, costs, and expenses of $135,000 and service awards of $2,500 for each of the Representative Plaintiffs. You or your own lawyer may ask to appear at the hearing to be heard by the Court, but you do not have to. The Motion for attorneys' fees and costs will be posted on the website after it is filed with the Court.

### Who Represents The Settlement Class?

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit: M. Anderson Berry, Clayeo C. Arnold, A Professional Law Corporation, 865 Howe Avenue, Sacramento, CA 95825, 916-777-7777; and Jean S. Martin, Morgan & Morgan Complex Litigation Group, 201 N. Franklin St., 7th Fl., Tampa, FL 33602, 813-559-4908.

### Where Can I Find More Information?

*This is only a summary*. You can find the full Class Notice, along with a full description of the proposed Settlement, related Court documents, dates and forms, and additional information on how Settlement Class Members can exclude themselves from the Settlement or object to it by visiting **www.SettlementURL.com** or calling **1-000-000-0000**. You may contact the Settlement Administrator at cbdMD Settlement, c/o Settlement Administrator, PO Box 0000, City, State, Zip. **DO NOT CONTACT THE JUDGE, THE COURT, OR THE DEFENDANTS.**

**www.SettlementURL.com**

**1-000-000-0000**

EXHIBIT D
LONG FORM NOTICE

# If you made an online purchase with cbdMD between March 30, 2020 and May 18, 2020 using a credit, debit, or other payment card, you may be eligible for a payment from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached with cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD") in a class action lawsuit about a data security incident that occurred between March 30, 2020 and May 8, 2020, and also between May 14, 2020 through May 18, 2020 ("Security Incident").

- During the Security Incident, cbdMD suffered a cyberattack on its eCommerce platform that accepts payment cards. The Security Incident potentially resulted in unauthorized access to customer payment card data, including first and last names, shipping addresses, billing addresses, credit or debit card numbers including expiration dates and card verification values, and/or bank account numbers. Subsequently, ta class action lawsuit was filed asserting claims against cbdMD relating to the Security Incident.

- The Settlement includes all persons residing in the United States who used a credit, debit, or other payment card to make an online purchase with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) (March 29, 2020 at 8:03 pm ET) and the end of May 8, 2020, or between May 14, 2020 at 21:02:57 UTC (6:02:57 pm ET) through the end of May 18, 2020.

- The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and charges that were incurred and plausibly arose from the Security Incident, and for other extraordinary unreimbursed monetary losses.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | The only way to get a payment. You must submit a claim by **Month Day, 2021.** |
| **Ask to be Excluded** | Get no payment. The only option that allows you to sue cbdMD over the claims resolved by this Settlement. You must exclude yourself by **Month Day, 2021.** |
| **Object** | Write to the Court about why you do not like the Settlement. You must object by **Month Day, 2021.** |
| **Do Nothing** | Get no payment. Give up rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

**Questions? Call 1-XXX-XXX-XXXX or visit [WEBSITE]**

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement.  Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 048

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**......................................................................................Page 4

1. Why was this Notice issued?
2. What is this lawsuit about?
3. Why is this lawsuit a class action?
4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?**........................................................................Page 4

5. How do I know if I am included in the Settlement?
6. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**..........................................................................Page 5

7. What does the Settlement provide?
8. What payments are available for Expense Reimbursement?
9. What payments are available for Extraordinary Expense Reimbursement?

**HOW TO GET BENEFITS**.................................................................................Page 6

10. How do I get benefits?
11. How will claims be decided?

**REMAINING IN THE SETTLEMENT**..................................................................Page 7

12. Do I need to do anything to remain in the Settlement?
13. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.........................................Page 7

14. If I exclude myself, can I get a payment from this Settlement?
15. If I do not exclude myself, can I sue cbdMD for the same thing later?
16. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**..............................................................Page 8

17. Do I have a lawyer in this case?
18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.................................................................Page 8

19. How do I tell the Court that I do not like the Settlement?
20. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING**...............................................................Page 10

21. When and where will the Court decide whether to approve the Settlement?
22. Do I have to attend the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING**....................................................................................Page 10

24. What happens if I do nothing?

**GETTING MORE INFORMATION**....................................................................Page 10

25. How do I get more information?

**Questions?  Call 1-XXX-XXX-XXXX or visit [WEBSITE]**

**3**

# Basic Information

## 1. Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge Robert J. Conrad, Jr. of the United States District Court for the Western District of North Carolina (Charlotte Division) is overseeing this case. The case is known as *Warshawsky et. al. v. cbdMD, Inc. et. al.*, Case No. 3:20-cv-00562-RJC-DSC. The persons who sued are called the Plaintiffs. cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD") are called the Defendants.

## 2. What is this lawsuit about?

The Lawsuit is a proposed class action lawsuit brought on behalf of U.S. residents whose Personal Information may have been accessed and/or compromised by unauthorized individuals as part of the Security Incident. The Security Incident resulted in the potential exposure of payment card data of customers who used a credit or debit card to make a purchase from the cbdMD website. The potentially-exposed information may include customers' names, billing and shipping addresses, payment card numbers, CVV security codes, and credit card expiration dates.

The lawsuit claims that cbdMD was responsible for the Security Incident and asserts claims such as: negligence, declaratory judgment, violation of the Florida Deceptive and Unfair Trade Practices Act, violation of the California Consumer Protection Act, and unjust enrichment. The lawsuit seeks compensation for people who had out-of-pocket expenses, fraudulent charges, lost time spent dealing with fraudulent charges or card replacement issues, or unreimbursed extraordinary monetary losses as a result of the Security Incident. cbdMD denies all of the Plaintiffs' claims and maintains that it did not do anything wrong.

## 3. Why is this lawsuit a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members." In this case, the Representative Plaintiffs are Michael Warshawsky and Michael Steinhauser. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class and this Settlement.

## 4. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will get compensation. The Representative Plaintiffs and their attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Class and its members. The Settlement does NOT mean that cbdMD did anything wrong.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 050

# WHO IS IN THE SETTLEMENT?

## 5. How do I know if I am included in the Settlement?

You are included in the Settlement Class if you reside in the United States and used a credit, debit or other payment card if you used a payment card to make an online purchase with cbdMD during the time of the Security Incident and you had out-of-pocket expenses, fraudulent charges, lost time spent dealing with fraudulent charges or card replacement issues, or unreimbursed extraordinary monetary losses as a result of the cbdMD Security Incident. Your online purchase must have been made between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) (March 29, 2020 at 8:03 pm ET) and the end of May 8, 2020, and between May 14, 2020 at 21:02:57 UTC (6:02:57 pm ET) through the end of May 18, 2020.

Specifically excluded from the Settlement Class are: (i) cbdMD and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at cbdMD during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* (a no-contest plea, while not technically a guilty plea, has the same immediate effect as a guilty plea and is often offered as part of a plea bargain) to any such charge.

## 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-XXX-XXX-XXXX with questions or visit [WEBSITE]. You may also write with questions to cbdMD Claims Administrator, PO Box XXXX, City, State zip code. Please do not contact the Court with questions.

# THE SETTLEMENT BENEFITS

## 7. What does the Settlement provide?

The Settlement will provide payments to people who submit valid claims.

There are two types of payments that are available:

> (1) Expense Reimbursement (Question 8) and

> (2) Extraordinary Expense Reimbursement (Question 9).

You may submit a claim for either or both types of payments. You must also provide proof of your class membership in the form of either (1) the unique identifier provided in the notice you received by postcard or email; or (2) the first four and last four digits of the number associated with the credit or debit card you claim to have used in connection with your online purchase with cbdMD during the Security Incident; or (3) a document or documents reflecting your use of a payment card in connection with a cbdMD online purchase during the Security Incident, which could include, for example, a receipt from cbdMD reflecting payment by a payment card, a

payment card statement or bill, notification from a bank or financial institution stating that the payment card was compromised during the Security Incident. In order to claim each type of payment, you must provide related documentation with the Claim Form.

Total reimbursement under this Settlement is subject to an aggregate cap of $300,000 for all claims.

As part of the Settlement, cbdMD has also committed to establish and maintain security enhancements.

## 8. What payments are available for Expense Reimbursement?

Class Members are eligible to receive reimbursement of up to $210 (in total) for out-pocket expenses resulting from the Security Incident such as:

- card replacement fees;
- late fees;
- overlimit or overdraft fees;
- interest;
- other bank or credit card fees;
- postage;
- mileage;
- incidental expenses resulting from lack of access to a payment card or account;
- up to $80 in costs associated with obtaining credit monitoring and identity theft protection (if purchased between March 30, 2020 and the Claims Deadline, with reasonable documentation and an affirmative statement that it was purchased primarily because of the Security Incident, and with proof of purchase);
- reimbursement of up to four (4) hours of documented lost time (at $20 per hour) spent dealing with replacement card issues or in reversing fraudulent charges (only if at least one full hour was spent and if it can be documented with reasonable specificity); and
- an additional $20 payment for each credit or debit card on which documented fraudulent charges were incurred that were later reimbursed.

## 9. What payments are available for Extraordinary Expense Reimbursement?

Class Members who had other extraordinary unreimbursed monetary losses because of payment card information compromised as part of the Security Incident are eligible to make a claim for reimbursement of up to $2,500. As part of the claim, the Class Member must show that:

(1) it is an actual, documented, and unreimbursed monetary loss;

(2) the loss was more likely than not caused by the Security Incident;

(3) the loss occurred during the time period from March 30, 2020 through and including the end of the Claims Deadline;

**Questions? Call 1-XXX-XXX-XXXX or visit [WEBSITE]**

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 052

(4) the loss is not an amount already covered by one or more of the categories in Question 8; and

(5) a reasonable effort was made to avoid or seek reimbursement for the loss .

More details are provided in the Settlement Agreement, which is available at [WEBSITE].

# HOW TO GET BENEFITS

| **10. How do I get benefits?** |
|---|

To make a claim under the Settlement, you must complete and submit a Claim Form. Claim Forms are available at [WEBSITE], or you may request one by mail by calling [PHONE #]. Read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than **Month Day, 2021** to:

cbdMD Claims Administrator
PO Box XXXXX
City, State zip code

| **11. How will claims be decided?** |
|---|

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Claims Administrator may require additional information from any claimant. If the required information is not provided timely, the claim will be considered invalid and will not be paid.

If the claim is complete and the Claims Administrator denies the claim entirely or partially, the claimant will be provided an opportunity to have their claim reviewed by an impartial Claim Referee who has been appointed by the Court.

# REMAINING IN THE SETTLEMENT

| **12. Do I need to do anything to remain in the Settlement?** |
|---|

You do not have to do anything to remain in the Settlement, but if you want a payment you must submit a Claim Form postmarked by **Month Day, 2021**.

| **13. What am I giving up as part of the Settlement?** |
|---|

If the Settlement becomes final, you will give up your right to sue cbdMD for the claims being resolved by this Settlement, which include claims related to the Security Incident. The specific claims you are giving up against cbdMD are described in Section 1.19 of the Settlement Agreement. You will be "releasing" cbdMD and all related people or entities as described in Section 6 of the Settlement Agreement. The Settlement Agreement is available at [WEBSITE].

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the law firms listed in Question 17 for free or you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue cbdMD about issues related to the Security Incident, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

### 14. If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

### 15. If I do not exclude myself, can I sue cbdMD for the same thing later?

No. Unless you exclude yourself, you give up any right to sue cbdMD for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

### 16. How do I exclude myself from the Settlement?

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *Warshawsky et. al. v. cbdMD, Inc. et. al.*, Case No. 3:20-cv-00562-RJC-DSC. Include your name, address, and signature. You must mail your Exclusion Request postmarked by **Month Day, 2021**, to:

cbdMD Settlement Exclusions
PO Box XXXXX
City, State zip code

# THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

Yes. The Court appointed the following lawyers as "Class Counsel": Jean Martin of MORGAN & MORGAN COMPLEX LITIGATION GROUP, 201 N. Franklin Street, 7th Floor, Tampa, Florida 33602; and M. Anderson Berry of CLAYEO C. ARNOLD, P.C., 865 Howe Avenue, Sacramento, CA 95825.

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers be paid?

Class Counsel will request the Court's approval of an award for attorneys' fees and reasonable costs and expenses of $135,000. Class Counsel will also request approval of service award of $2,500 for each of the Representative Plaintiffs. Any amount that the Court awards for

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 054

attorneys' fees, costs, expenses, and an incentive award will be paid separately by cbdMD and will not reduce the amount of payments to Class Members who submit valid claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**19. How do I tell the Court that I do not like the Settlement?**

You can object to the Settlement if you do not like it or some part of it. The Court will consider your views. To do so, you must file a written objection in this case, *Warshawsky et. al. v. cbdMD, Inc. et. al.*, Case No. 3:20-cv-00562-RJC-DSC, with the Clerk of the Court at the address below.

Your objection must include all of the following:

- your full name, address, telephone number, and e-mail address (if any);

- information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class, which is described in response to question number 7;

- a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable;

- the identity of all counsel representing you, if any, in connection with your objection;

- the identity of all counsel representing you who will appear at the Final Fairness Hearing;

- a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection;

- a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing;

- your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation);

- a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years;

- a list, by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and

- a list, by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or representative plaintiff.

To be timely, your objection must be **postmarked** to the Clerk of the Court for the United States District Court for the Western District of North Carolina (Charlotte Division) no later than **Month Day, 2021**.

In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel, postmarked no later than **Month Day, 2021**:

**Questions? Call 1-XXX-XXX-XXXX or visit [WEBSITE]**

9

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 055

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Office of the Clerk<br>U.S. District Court for the<br>Western District of North<br>Carolina (Charlotte Division)<br>United States Courthouse<br>Charles R. Jonas Federal Bldg.<br>401 West Trade Street, Room 210<br>Charlotte, NC 28202 | Jean S. Martin<br>Morgan & Morgan Complex<br>Litigation Group<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602 | Paul G. Karlsgodt<br>Baker & Hostetler LLP<br>1801 California Street<br>Suite 4400<br>Denver, CO 80202 |

### 20. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement.

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Settlement Approval Hearing at __:__ _.m. on **Month Day, 2021**, at the United States District Court for the Western District of North Carolina (Charlotte Division) located at the Charles R. Jonas Federal Bldg., 401 West Trade Street, Charlotte, NC 28202. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check [WEBSITE] or call [PHONE #]. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for service awards for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 22. Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 19, the Court will consider it.

### 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Settlement Approval Hearing. To do so, you must file an objection according to the instructions in Question 19, including all the

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 056

information required by items (v), (vi), and (vii).  Your Objection must be **filed** with the Clerk of the Court for the United States District Court for the Western District of North Carolina (Charlotte Division) no later than **Month Day, 2021**.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel listed in Question 19, postmarked no later than **Month Day, 2021**.

# IF YOU DO NOTHING

| 24. What happens if I do nothing? |
|---|

If you do nothing, you will get no benefits from this Settlement.  Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against cbdMD about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| 25. How do I get more information? |
|---|

This Notice summarizes the proposed Settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement at [WEBSITE].  You may also write with questions to cbdMD Claims Administrator, PO Box XXXXX, City, State Zip.  You can also get a Claim Form at the website, or by calling the toll-free number, [PHONE].

EXHIBIT E
NOTICE PLAN
CONTAINED IN
DECLARATION OF
PROPOSED NOTICE
ADMINISTRATOR

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

|  |  |
|---|---|
| MICHAEL WARSHAWSKY and MICHAEL STEINHAUSER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CBDMD, INC. and CBD INDUSTRIES LLC,<br><br>Defendants. | )<br>)<br>)  Case No. 20-cv-00562<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF WILLIAM W. WICKERSHAM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND INCORPORATED MEMORANDUM IN SUPPORT**

1.     I am the Vice President of Business Development and Client Relations at RG/2 Claims Administration LLC ("RG/2 Claims").  In that role, I oversee the intake and management of all ongoing class action settlements including the creation and implementation of legal notice plans.

2.     RG/2 Claims was established in 2002 as a full-service class action notice and claims administrator, providing notice and administration services for a broad range of collective actions, including but not limited to antitrust, securities, consumer, and employment cases.  RG/2 Claims specializes in the creation, development and implementation of legal notification plans. Accordingly, RG/2 Claims is familiar with, and guided by Constitutional due process provisions, rules of states and local jurisdictions, and the relevant case law relating to legal notification.

Since 2002, RG/2 has administered and distributed in excess of $1.2 billion in class-action settlement proceeds. A true and accurate copy of the firm's publication describing RG/2's background and capabilities is attached hereto as Exhibit A.

3.      I have been involved in the development and implementation of media plans for class action notification for more than ten years.

4.      I submit this declaration at the request of Proposed Class Counsel for the Settlement Class in order to describe the proposed notice plan and notice services in the settlement of claims against Defendants cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD" or "Defendants") in the above-captioned litigation.

5.      I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would testify competently thereto.

6.      The objective of the suggested Notice program is to provide the best notice practicable—Rule 23-compliant notice—to those members of the Class.

7.      Within 10 days of Class Counsel filing for Preliminary Approval, RG/2 Claims will provide notice to relevant state and federal attorneys general in compliance with the Class Action Fairness Act.

8.      RG/2 Claims proposes a notice program with the following elements:

a.      Direct notice via postcard to the class members identified from Defendants' records who made a purchase online with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) (March 29, 2020 at 8:03 pm ET)  and the end of May 8, 2020, and between May 14, 2020 at 21:02:57 UTC (6:02:57 pm ET) through the end of May 18, 2020.  Defendants have names and addresses for every person who made a purchase during this time.

2

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 060

b.      The Notice and other important court documents relevant to the Class Notice and the litigation in general will be made available on a case specific website designated for this action.  Additionally, RG/2 Claims will maintain a toll-free number to answer and address any class member inquiries.

9.      The proposed notice plan provides the best practicable method to reach the potential class members and is consistent with other class action notice plans that have been approved by various federal courts for similarly situated matters.

10.     Whenever practicable, direct USPS mail is the preferred form of notice for class members in a class action.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974).

11.     All undeliverable mail will be sorted and scanned.  For returned notices without a forwarding address, RG/2 Claims will use Accurint (a division of Lexis-Nexis) to perform a basic "skip trace" search in order to retrieve the most accurate and updated information.  The database will be updated with any new address found and the Notice will be either be re-mailed to the updated addresses or sent by email.

12.     RG/2 Claims believes the notice program described above is suitable for this case and is comparable to plans other federal courts have approved for similar cases.  RG/2 Claims also believes that the Notice is drafted in the "plain language" format preferred by federal courts and provides the information required by Rule 23. RG/2 Claims believes that the Notice is understandable for members of the Class and complies with due process.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE FOREGOING IS TRUE AND CORRECT.

[*Signature on the following page*]

Executed on April 30, 2021 at New York, NY.

_____
William W. Wickersham, Declarant

EXHIBIT F
PROPOSED PRELIMINARY
APPROVAL ORDER

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

<table>
<tr><td>MICHAEL WARSHAWSKY and<br>MICHAEL STEINHAUSER, on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CBDMD, INC. and CBD INDUSTRIES LLC,<br><br>Defendants.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. 20-cv-00562</td></tr>
</table>

**[PROPOSED] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT,
APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL
APPROVAL HEARING**

This cause is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval

of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the

supporting memorandum of law, the Parties' Settlement Agreement dated _____ (the

"Settlement Agreement"), the proposed forms of Notice to the Settlement Class, the pleadings

and other papers filed in this Action, and the statements of counsel and the parties, has

determined that the proposed Settlement satisfies the criteria for preliminary approval, the

proposed Settlement Class is preliminarily certified, and the proposed Notice Plan is approved.

Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED**.

**IT IS HEREBY ORDERED** as follows:

## Preliminary Approval of Settlement Agreement

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendants cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3.      The Court finds that the proposed Settlement with cbdMD set forth in the Settlement Agreement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

## Provisional Certification of the  Settlement Class

4.      Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to FED. R. CIV. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons residing in the United States who made a purchase online with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) and the end of May 8, 2020, and between May 14, 2020 at 21:02:57 UTC through the end of May 18, 2020.

Excluded from the Settlement Class are (i) cbdMD and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at cbdMD during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

2

5.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in FED. R. CIV. P. 23(a) and (b), are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

(c)      Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

(d)      the claims of Plaintiffs are typical of those of Settlement Class Members;

(e)      common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)      Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)      settlement of the Actions on a class action basis is superior to other means of resolving this matter.

6.      The Court appoints Jean Martin of MORGAN & MORGAN COMPLEX LITIGATION GROUP, and M. Anderson Berry of CLAYEO C. ARNOLD, P.C as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7.      The Court hereby appoints Michael Warshawsky and Michael Steinhauser to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

3

## Notice to Settlement Class Members

8.       The Court approves the Notices of Pendency and Proposed Settlement of Class Action (the "Settlement Notices"), and finds that the dissemination of the Notices substantially in the manner and form set forth in the Notice Plan attached to the Motion complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances. Non-material modifications to the Settlement Notices may be made without further order of the Court.

9.       The notice procedures described in the Notice Plan attached to the Motion are hereby found to be the best means of providing notice under the circumstances, are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement, and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10.       The Claims Administrator is directed to carry out the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement.  No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, the Claims Administrator shall initiate the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement.

11.       All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Defendants pursuant to the Settlement Agreement.

4

4818-0895-2487-1
EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 067

12.     The claim form attached to the Settlement Agreement satisfies the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class. The claim form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class member that requests one.

### Responses by Class Members and the Scheduling of a Final Approval Hearing

13.     Settlement Class Members may opt-out (the "Opt-Out Deadline") or object up to 120 days from the date on which the Notice Program commences.

14.     Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel and Counsel for cbdMD to the designated Post Office box established by the Claims Administrator on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

15.     Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Class member objected to the Settlement and whether or not such Class member received consideration under the Settlement Agreement.

16.     A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on _____, 2021 at _____, Courtroom ___ of the United States District Court for the Western District of North Carolina (Charlotte Division) located at the Charles R. Jonas Federal Bldg., 401 West Trade Street, Charlotte, NC 28202.

17.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the named plaintiffs, shall also be heard at the time of the hearing.

18.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of Notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

19.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

6

20.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) service award requests, by serving a written objection upon Class Counsel, cbdMD's counsel, and the Court.

21.     Any Class member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection shall include all information required by the Settlement Agreement, including the Objector's name, address and telephone number of the objector, proof of class membership, and a detailed statement of each objection asserted, including the grounds for objection together with any documents such person wishes to be considered in support of the objection. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

22.     If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member and each Settlement Class member must have complied with the requirements of this Order.  No objector may appear at the hearing unless the objector indicates an intent to appear.

23.     Objections, along with any notices of intent to appear and any supporting documents, must be filed with the Clerk of the Court no later than one hundred twenty (120)

7

4818-0895-2487.1
SETTLEMENT AGREEMENT
PAGE 070

days from the date on which the Notice Program commences. These documents must be filed with the Clerk of the Court electronically or at the following address:

U.S. District Court for the Western District of North Carolina (Charlotte Division)
Office of the Clerk of Court
Charles R. Jonas Federal Bldg.
401 West Trade Street, Room 210
Charlotte, NC 28202

23.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

24.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

25.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendant with respect to all of the Released Claims.

26.     cbdMD shall prepare and send, at cbdMD's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for cbdMD shall cooperate promptly and fully in the preparation of such notices, including providing cbdMD with any and all information in their possession necessary for the preparation of these notices. cbdMD shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. cbdMD shall provide notice to Class

8

Counsel and the Court of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

27.     The schedule by which the events referenced above should occur is as follows:

| Event | Date |
|---|---|
| cbdMD Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| cbdMD Provides Notice to Class Counsel and the Court of Compliance with CAFA Requirements | Within 10 days of providing notice to Attorneys General under CAFA |
| Class Notice Program Commences | Within 30 days after entry of this Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be Filed by Class Counsel | At Least 14 days before the Objection Deadline |
| Postmark Deadline for requests for Exclusion (Opt-Out) or Objections | 120 days after Commencement of Notice Program |
| Postmark/Filing Deadline for Filing Claims | 120 days after Commencement of Notice Program |
| Motion for Final Approval to be Filed by Class Counsel | At Least 21 days before the Final Approval Hearing |
| Final Approval Hearing | Approximately 150 days after Commencement of Notice Program, or _____ |

## Administration of the Settlement

28.     The Court hereby appoints the claims administrator proposed by the parties, RG2 (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members;

9

(b) disseminating Notice to the Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; (e) determining validity of Claims in accordance with the Settlement Agreement; and (f) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, Defendants shall pay all related costs and expenses associated with the Notice, claims, and settlement administration. These payments to the Claims Administrator shall be made separate and apart from the relief being made available to Settlement Class Members under the Settlement.

29.     The Court hereby appoints the Claims Referee proposed by the parties, Bennett G. Picker of the law firm Stradley Ronon Stevens & Young, LLP (the "Claims Referee"). The Claims Referee shall be responsible for deciding certain claims that may be rejected by the Claims Administrator, upon request of the Settlement Class Member submitting such Claims, as described in the Settlement Agreement.

## Claims Process and Distribution and Allocation Plan

30.     The parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Section 2.3 of the Settlement Agreement, and directs that the Claims Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

31.     Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If final Judgment is entered, all Settlement Class Members who qualify for any benefit

10

EXHIBIT A

under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the final Judgment.

## **Additional Provisions**

32.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendants and any other released party, and the Defendants and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of FED. R. CIV. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

33.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by cbdMD as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any

11

matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

34.     Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the final Judgment, or until further order of this Court.

35.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

Dated: _____          _____
                                                            HON. ROBERT J. CONRAD JR.
                                                            UNITED STATES DISTRICT JUDGE

EXHIBIT G
PROPOSED FINAL
APPROVAL ORDER
AND JUDGMENT

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| MICHAEL WARSHAWSKY and MICHAEL STEINHAUSER, on behalf of themselves and all others similarly situated, | ) ) ) ) | Case No. 20-cv-00562 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CBDMD, INC. and CBD INDUSTRIES LLC, | ) ) | |
| Defendants. | ) ) ) | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF THE CLASS ACTION SETTLEMENT AND JUDGMENT**

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Michael Warshawsky and Michael Steinhauser (hereinafter "Plaintiffs") and Defendants cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD" or "Defendants"), as fair, reasonable and adequate, awarding attorneys' fees and costs to Class Counsel as outlined herein, and awarding service awards to Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and the motions for final approval of the settlement, an award of attorneys' fees and costs, and service awards to the Plaintiffs, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on _____, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, appointing Plaintiffs as Class Representatives, and appointing Proposed Counsel as Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** on  _____**[DATE]**,  pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS,** on  _____**[DATE]**, the Court held a Final Approval Hearing to determine, *inter alia*:  (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Class Counsel, and the payment of Service Awards to the Representative Plaintiffs;

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 078

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for cbdMD, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.     The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.     The Settlement involves allegations in Plaintiffs' Class Action Complaint and Jury Demand against Defendants for failure to implement or maintain adequate data security measures for customer information, including Card Information, directly and proximately caused injuries to Plaintiffs and the Class.

3.     The settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 079

4. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons residing in the United States who made a purchase online with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) and the end of May 8, 2020, and between May 14, 2020 at 21:02:57 UTC through the end of May 18, 2020.

Excluded from the Settlement Class are (i) cbdMD and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at cbdMD during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds

EXHIBIT Case 3:20-cv-00562-RJC-DSC   Document 11-2   Filed 04/30/21   Page 81 of 85
SETTLEMENT AGREEMENT
PAGE 080

that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

A.      Defendants to institute a Settlement Claims Process as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

B.      Defendants to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

C.      Defendants to pay, subject to the approval and award of the Court, the reasonable attorneys' fees of Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court.  Notice of the terms of the Settlement, the rights of Class Members under the Settlement, Final Approval Hearing, the application for counsel fees and costs and expenses, and the proposed service award payments to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 081

9.      The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10.     The Court finds that cbdMD has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out deadline, ____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12.     The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14.     Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15.     Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16.     Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 082

Any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning or arising out of the Security Incident and alleged theft or misuse of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation including, without limitation, any violations of the California, North Carolina, Florida, and similar state consumer protection statutes; any violation of the California Customer Records Act, California Unfair Competition Law, California Consumers Legal Remedies Act; Florida Deceptive and Unfair Trade Practices Act; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft or misuse of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

SETTLEMENT AGREEMENT
PAGE 083

17.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Plaintiffs in the total amount of $2,500 each as a service award for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

18.     The Court has appointed Jean Martin of MORGAN & MORGAN COMPLEX LITIGATION GROUP, and M. Anderson Berry of CLAYEO C. ARNOLD, P.C as Class Counsel.

19.     The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees, costs, and expenses in the amount of $135,000.00, and grants the request for service awards to each of the Representative Plaintiffs in the amount of $2,500. Payment shall be made pursuant to the terms of the Settlement Agreement.

20.     This Order resolves all claims against all parties in this action and is a final order.

21.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement, without affecting the finality of this Final Approval Order and Judgment.


Dated: _____          _____

                                        HON. ROBERT J. CONRAD, JR.
                                        UNITED STATES DISTRICT JUDGE

8

EXHIBIT 1
SETTLEMENT AGREEMENT
PAGE 084