UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00562-RJC-DSC

| | |
|---|---|
| MICHAEL WARSHAWSKY ) | |
| MICHAEL STEINHAUSER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Order** |
| ) | |
| CBD INDUSTRIES, LLC ) | |
| CBDMD, INC, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting memorandum of law, the Parties' Settlement Agreement dated April 30, 2021 (the "Settlement Agreement"), the proposed forms of Notice to the Settlement Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, has determined that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is preliminarily certified, and the proposed Notice Plan is approved. Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED**.

**IT IS HEREBY ORDERED** as follows:

**Preliminary Approval of Settlement Agreement**

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendants cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement with cbdMD set forth in the Settlement Agreement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

## Provisional Certification of the Settlement Class

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to FED. R. CIV. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons residing in the United States who made a purchase online with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) and the end of May 8, 2020, and between May 14, 2020 at 21:02:57 UTC through the end of May 18, 2020.

Excluded from the Settlement Class are (i) cbdMD and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at cbdMD during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

5. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in FED. R. CIV. P. 23(a) and (b), are satisfied in that:

   (a) the Settlement Class is so numerous that joinder of all members is impracticable;

   (b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

(d) the claims of Plaintiffs are typical of those of Settlement Class Members;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class;

(f) Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g) settlement of the Actions on a class action basis is superior to other means of resolving this matter.

6. The Court appoints Jean Martin of MORGAN & MORGAN COMPLEX LITIGATION GROUP, and M. Anderson Berry of CLAYEO C. ARNOLD, P.C. as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court hereby appoints Michael Warshawsky and Michael Steinhauser to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

## Notice to Settlement Class Members

8. The Court approves the Notices of Pendency and Proposed Settlement of Class Action (the "Settlement Notices"), and finds that the dissemination of the Notices substantially in the manner and form set forth in the Notice Plan attached to the Motion complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances. Non-material modifications to the Settlement Notices may be made without further order of the Court.

9. The notice procedures described in the Notice Plan attached to the Motion are hereby found to be the best means of providing notice under the circumstances, are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement, and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10. The Claims Administrator is directed to carry out the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement. No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, the Claims Administrator shall initiate the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement.

11. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Defendants pursuant to the Settlement Agreement.

12. The claim form attached to the Settlement Agreement satisfies the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class. The claim form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class member that requests one.

**Responses by Class Members and the Scheduling of a Final Approval Hearing**

13. Settlement Class Members may opt-out (the "Opt-Out Deadline") or object up to 120 days from the date on which the Notice Program commences.

14. Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel and Counsel for cbdMD to the designated Post Office box established by the Claims Administrator on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

15. Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Class member objected to the Settlement and whether or not such Class member received consideration under the Settlement Agreement.

16. A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on **June 2, 2022 at 11:00 A.M., Courtroom 4A, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202**.

17. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of

an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the named plaintiffs, shall also be heard at the time of the hearing.

18. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of Notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

19. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

20. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) service award requests, by serving a written objection upon Class Counsel, cbdMD's counsel, and the Court.

21. Any Class member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection shall include all information

required by the Settlement Agreement, including the Objector's name, address and telephone number of the objector, proof of class membership, and a detailed statement of each objection asserted, including the grounds for objection together with any documents such person wishes to be considered in support of the objection. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

22. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member and each Settlement Class member must have complied with the requirements of this Order. No objector may appear at the hearing unless the objector indicates an intent to appear.

23. Objections, along with any notices of intent to appear and any supporting documents, must be filed with the Clerk of the Court no later than one hundred twenty (120) days from the date on which the Notice Program commences. These documents must be filed with the Clerk of the Court electronically or at the following address:

> U.S. District Court for the Western District of North Carolina
> Office of the Clerk of Court
> Charles R. Jonas Federal Bldg.
> 401 West Trade Street, Room 1301
> Charlotte , NC 28202

24. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the

procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

25. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

26. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendant with respect to all of the Released Claims.

27. cbdMD shall prepare and send, at cbdMD's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for cbdMD shall cooperate promptly and fully in the preparation of such notices, including providing cbdMD with any and all information in their possession necessary for the preparation of these notices. cbdMD shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. cbdMD shall provide notice to Class Counsel and the Court of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

28. The schedule by which the events referenced above should occur is as follows:

| Event | Date |
|---|---|
| cbdMD Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| cbdMD Provides Notice to Class Counsel and the Court of Compliance with CAFA Requirements | Within 10 days of providing notice to Attorneys General under CAFA |
| Class Notice Program Commences | Within 30 days after entry of this Preliminary |

| | Approval Order |
|---|---|
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be Filed by Class Counsel | At Least 14 days before the Objection Deadline |
| Postmark Deadline for requests for Exclusion (Opt-Out) or Objections | 120 days after Commencement of Notice Program |
| Postmark/Filing Deadline for Filing Claims | 120 days after Commencement of Notice Program |
| Motion for Final Approval to be Filed by Class Counsel | At Least 21 days before the Final Approval Hearing |
| Final Approval Hearing | Approximately 150 days after Commencement of Notice Program |

## Administration of the Settlement

29. The Court hereby appoints the claims administrator proposed by the parties, RG2 (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating Notice to the Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; (e) determining validity of Claims in accordance with the Settlement Agreement; and (f) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, Defendants shall pay all related costs and expenses associated with the Notice, claims, and settlement administration. These payments to the Claims Administrator shall be made separate and apart from the relief being made available to Settlement Class Members under the Settlement.

30. The Court hereby appoints the Claims Referee proposed by the parties, Bennett G. Picker of the law firm Stradley Ronon Stevens & Young, LLP (the "Claims Referee"). The Claims

Referee shall be responsible for deciding certain claims that may be rejected by the Claims Administrator, upon request of the Settlement Class Member submitting such Claims, as described in the Settlement Agreement.

## Claims Process and Distribution and Allocation Plan

31. The parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Section 2.3 of the Settlement Agreement, and directs that the Claims Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

32. Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the final Judgment.

## Additional Provisions

33. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no

further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendants and any other released party, and the Defendants and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of FED. R. CIV. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by cbdMD as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

35. Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the final Judgment, or until further order of this Court.

36. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates

or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

Signed: December 30, 2021

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge