UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| MICHAEL WARSHAWSKY and MICHAEL STEINHAUSER, on behalf of themselves and all others similarly situated, | ) ) ) ) | Case No. 20-cv-00562 |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| CBDMD, INC. and CBD INDUSTRIES LLC, | ) ) |  |
| Defendants. | ) ) ) |  |

## ORDER GRANTING FINAL APPROVAL
## OF THE CLASS ACTION SETTLEMENT AND JUDGMENT

**THIS MATTER** comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (Doc. No. 19) involving Plaintiffs Michael Warshawsky and Michael Steinhauser (hereinafter "Plaintiffs") and Defendants cbdMD, Inc. and CBD Industries, LLC (collectively "cbdMD" or "Defendants") and Plaintiffs' Unopposed Motion for an Award of Attorneys Fees, Reimbursement of Litigation Expenses, and Service Awards to the Named Plaintiffs (Doc. No. 17).

Having reviewed and considered the Settlement Agreement and the Motions, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on January 3, 2022, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the

class and class claims, appointing Plaintiffs as Class Representatives, and appointing Proposed Counsel as Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** on February 2, 2022, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS,** on August 9, 2022, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Class Counsel, and the payment of Service Awards to the Representative Plaintiffs;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for cbdMD, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Class Action Complaint and Jury Demand against Defendants for failure to implement or maintain adequate data security measures for customer information, including Card Information, directly and proximately caused injuries to Plaintiffs and the Class.

3. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons residing in the United States who made a purchase online with cbdMD between March 30, 2020 at 00:03:12 UTC (Coordinated Universal Time) and the end of May 8, 2020, and between May 14, 2020 at 21:02:57 UTC through the end of May 18, 2020.

Excluded from the Settlement Class are (i) cbdMD and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at cbdMD during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the

expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

    A. Defendants to institute a Settlement Claims Process as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

    B. Defendants to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

    C. Defendants to pay, subject to the approval and award of the Court, the reasonable attorneys' fees of Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Class Members under the Settlement, Final Approval Hearing, the application for counsel fees and costs and expenses, and the proposed service award payments to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10. The Court finds that cbdMD has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, no potential Settlement Class Members requested to be excluded from the Settlement.

12. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14. Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

Any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning or arising out of the Security Incident and alleged theft or misuse of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation including, without limitation, any violations of the California, North Carolina, Florida, and similar state consumer protection statutes; any violation of the California Customer Records Act, California Unfair Competition Law, California Consumers Legal Remedies Act; Florida Deceptive and Unfair Trade Practices Act; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft or misuse of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement.

17. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Plaintiffs in the total amount of $2,500

each as a service award for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

18. The Court has appointed Jean Martin of Morgan & Morgan Complex Litigation Group and M. Anderson Berry of Clayeo C. Arnold, P.C. as Class Counsel.

19. The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees, costs, and expenses in the amount of $135,000.00, and grants the request for service awards to each of the Representative Plaintiffs in the amount of $2,500. Payment shall be made pursuant to the terms of the Settlement Agreement.

20. This Order resolves all claims against all parties in this action and is a final order.

21. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement, without affecting the finality of this Final Approval Order and Judgment.

**SO ORDERED**.

Signed: August 9, 2022

_____
Robert J. Conrad, Jr.
United States District Judge